# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| RODERICK FRANKLIN, *individually, and on behalf of others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>FULTON COUNTY<br><br>Defendant. | Civil Action File No.:<br><br>_____<br><br>**JURY TRIAL DEMANDED** |

## COLLECTIVE ACTION COMPLAINT

Named Plaintiff Roderick Franklin ("Named Plaintiff"), individually and on behalf of others similarly situated, files this Complaint against Defendant Fulton County ("Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1. This is a collective action for unpaid overtime wages brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").

2. In this collective action, Named Plaintiff alleges that Defendant willfully violated the FLSA by failing to pay Named Plaintiff and other similarly situated employees 1.5 times their regular hourly rate of pay for all hours worked over 40 per workweek.

3. The proposed class that Named Plaintiff seeks to represent, and on behalf of whom Named Plaintiff files this collective action, consists of all individuals employed by Defendant as "Network Engineers" at any time within three years preceding the filing of this Complaint (Named Plaintiff and all persons who consent to join this action are referred to collectively as "Plaintiffs").

## THE PARTIES

4. Defendant Fulton County is a political subdivision of the state of Georgia.

5. Named Plaintiff Roderick Franklin worked for Defendant as a Network Engineer within the three years preceding the filing of this Complaint.

6. Named Plaintiff consents in writing to join this action pursuant to 29 U.S.C. § 216(b). *See* Exhibit 1.

7. Other Network Engineers, who are similarly situated to Named Plaintiff, are interested in joining this collective action.

8. For example, Opt-in Plaintiff Gary Harmon has filed a consent to join this action. *See* Exhibit 2.

## JURISDICTION AND VENUE

9. Under 28 U.S.C. § 1331 this Court has jurisdiction over Plaintiffs' claims because the claims raise questions of federal law.

10. Under 28 U.S.C. § 1391(b) and Local Rule 3.1(B) venue is proper in this division because at least one defendant resides in this division and a substantial part of the events or omissions giving rise to the claims occurred in this division.

## DEFENDANT IS COVERED BY THE FLSA AND EMPLOYED THE PLAINTIFFS

11. Fulton County is a political subdivision of the State of Georgia and is therefore covered by the FLSA.

12. Fulton County employs the Plaintiffs within the meaning of the FLSA.

13. Fulton County has the authority to hire and fire the Plaintiffs.

14. Fulton County determines the employment policies applicable to Plaintiffs.

15. Fulton County has the authority to modify the employment policies applicable to Plaintiffs.

16. Fulton County determines how much, and in what manner, Plaintiffs are compensated.

17. Fulton County maintains the employment records, such as time and pay records, for Plaintiffs.

## FACTUAL ALLEGATIONS CONCERNING PLAINTIFFS' COMPENSATION AND JOB DUTIES

18. Fulton County employs the Plaintiffs as "Network Engineers."

19. Fulton County classifies Plaintiffs as exempt from the FLSA's overtime requirements pursuant to the FLSA's "computer employee" exemption and does not pay Plaintiffs 1.5 times their regular hourly rate for all hours worked over 40 per workweek.

20. However, Plaintiffs are not properly classified as "computer employees" because Plaintiffs do not perform the job duties of an exempt "computer employee."

21. For example, Plaintiffs' primary job duties do not include the application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software, or system functional specifications.

22. Plaintiffs' primary job duties do not include the design, development, documentation, analysis, creation, testing, or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications.

23. Plaintiffs' primary job duties do not include the design, documentation, testing, creation, or modification of computer programs related to machine operating systems.

24. Plaintiffs are also not subject to the FLSA's "administrative" exemption.

25. Plaintiffs' primary job duties do not include the performance of office or non-manual work directly related to the management or general business operations of Defendant.

26. While performing their primary job duties, Plaintiffs do not exercise discretion or independent judgment with respect to matters of significance to Defendant's operations.

27. Because Plaintiffs do not perform the job duties of an exempt "computer employee" and are not subject to the FLSA's "administrative" exemption, Plaintiffs are non-exempt employees entitled to 1.5 times their regular hourly rate for all hours worked over 40 per week.

28. Plaintiffs regularly work more than 40 hours per week and are entitled to receive overtime compensation for all hours worked over 40 in a workweek.

29. For example, Plaintiffs' regular job duties frequently require them to work past the end of their scheduled shifts and Plaintiffs accumulate overtime hours during weeks in which Plaintiffs work past the end of their regular shifts.

30. In addition to their regular job duties, Defendant requires Plaintiffs to perform "on call" duties after regular working hours for extended periods of time.

"On-call" duties start at the end of Plaintiffs' regular shift and continue until the start of their next regular shift.

31. While "on call," Plaintiffs receive email alerts notifying them of network infrastructure issues with the Defendant's computer systems.

32. Plaintiffs are required to log into Defendant's system and respond to the email alerts within 15 minutes of receipt of the email notification alert.

33. Frequently, while performing on-call duties, Plaintiffs must travel to Defendant's physical locations to resolve computer-related problems that arise within Defendant's computer networks.

34. Plaintiffs spend a significant amount of time each week performing on-call duties for Defendant's benefit.

35. Plaintiffs' "on-call" work hours regularly cause Plaintiffs to work more than 40 hours in a workweek, but Plaintiffs are not paid 1.5 times their regular hourly rate for their overtime hours.

36. By failing to pay Plaintiffs 1.5 times their regular hourly rates for all hours worked over 40 per week, Fulton County violated the FLSA.

37. Fulton County's violation of the FLSA was willful.

38. Fulton County knows that Plaintiffs' primary job duties do not include the duties of an exempt "computer employee" or an exempt "administrative"

employee but chose to classify Plaintiffs as exempt in a deliberate attempt to avoid paying overtime wages.

39. Fulton County also knows that Plaintiffs regularly work more than 40 hours in a week because Fulton County tracks the hours Plaintiffs work using a computerized timekeeping system.

40. Due to Fulton County's willful violation of the FLSA, Plaintiffs are entitled to their unpaid overtime wages for a period of three years, liquidated damages in an amount equal to their unpaid overtime wages, and their attorney's fees and costs of litigation.

**COUNT 1: WILLFUL FAILURE TO PAY OVERTIME WAGES**

41. Fulton County employs the Plaintiffs as Network Engineers.

42. Fulton County Classifies Plaintiffs as exempt from the FLSA's overtime requirements pursuant to the FLSA's "computer employee" exemption.

43. Plaintiffs do not perform the job duties of an exempt "computer employee" and are therefore entitled to overtime compensation for hours worked over 40 per week.

44. Despite knowing that Plaintiffs are not exempt "computer employees," Fulton County deliberately classified Plaintiffs as "computer employees" to avoid paying overtime wages.

45. Plaintiffs work more than 40 hours per week during certain workweeks but are not paid overtime wages for their hours worked over 40 per week.

46. By failing to pay Plaintiffs 1.5 times their regular rate of pay for all hours worked over 40 per week, Fulton County willfully violated Plaintiffs' rights under the FLSA.

47. Accordingly, Plaintiffs are entitled to their unpaid overtime wages, an equal amount in liquidated damages, and their attorney's fees and costs of litigation.

## DEMAND FOR JUDGMENT

Plaintiffs respectfully request that the Court:

I. Conditionally certify this case as a collective action under 29 U.S.C. § 216(b) and approve the issuance of a notice of this lawsuit to similarly situated collective action class members informing them of their right to join this action;

II. Declare that Defendant's actions, policies, and practices violated, and continue to violate, the rights of Named Plaintiff and others similarly situated under the FLSA;

III. Declare that Defendant's violation of the FLSA is willful;

IV. Award Named Plaintiff and others similarly situated all unpaid wages for a period of three years;

V. Award Named Plaintiff and others similarly situated liquidated

damages in an amount equal to their unpaid wages;

VI. Award Named Plaintiff and others similarly situated their reasonable attorneys' fees, costs, and expenses; and

VII. Award all other relief to which Named Plaintiff and others similarly situated may be entitled.

## DEMAND FOR TRIAL BY JURY

Named Plaintiff, on behalf of himself and others similarly situated, requests a trial by jury pursuant to Fed. R. Civ. P. 38.

Filed: April 22, 2022.

| | |
|---|---|
| **PARKS, CHESIN & WALBERT, P.C.** | */s/ M. Travis Foust* |
| 75 Fourteenth Street | M. Travis Foust |
| 26th Floor | Georgia Bar No. 104996 |
| Atlanta, Georgia 30309 | tfoust@pcwlawfirm.com |
| Phone: 404-873-8000 | Dustin L. Crawford |
| Fax: 404-873-8050 | Georgia Bar No. 758916 |
| | dcrawford@pcwlawfirm.com |

*Counsel for Plaintiffs*