## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| RODERICK FRANKLIN, Individually, and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FULTON COUNTY, <br><br> Defendant. | CIVIL ACTION NO.: 1:22-CV-1611-VMC |

## JOINT MOTION TO APPROVE SETTLEMENT

COME NOW, Plaintiffs Roderick Franklin and Gary Harmon and Defendant Fulton County, Georgia (collectively, the "Parties"), and jointly move this Court to approve the Parties' settlement of Plaintiffs' claims brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for unpaid overtime compensation, liquidated damages, attorneys' fees, reasonable expenses of litigation, and other authorized relief under the FLSA, on the grounds set forth below:

## I.    INTRODUCTION

1.    Plaintiffs filed their Collective Action Complaint on April 22, 2022. [Doc. 1].

2.      To date, Plaintiffs have not sought certification of the collective action under the FLSA.

3.      The Parties have exchanged written discovery. After receiving and reviewing the first sets of discovery responses, the Parties wished to explore further prospects of resolving the matter before trial.

4.      On November 1, 2022, the Parties requested that the Court stay discovery in this matter so that the Parties could explore the possibility of a resolution before scheduling depositions and incurring additional fees and expenses. [Doc. 29]. The Court granted the motion, staying discovery until January 1, 2023. [Doc. 30].

5.      At Defendant's request, Plaintiffs made a written settlement demand and the Parties participated in settlement negotiations.

6.      The Parties reached a proposed settlement of Plaintiffs' claims which was presented to and approved by the Fulton County Board of Commissioners ("BOC"), Defendant's governing body, at its December 7, 2022 meeting.

## II.    **BACKGROUND**

7.      Plaintiffs have been employed by Defendant full-time as Network Engineers Intermediate in its Information Technology Department since January 2018. (Doc. 9 ¶¶ 5, 8).

8.    Plaintiffs contend that Defendant  misclassified them as exempt under the FLSA's "computer employee" exemption and that as a result, they are entitled to overtime compensation for hours they worked in excess of 40 hours during each workweek . (*Id* . ¶¶ 19-23).

9.    Plaintiffs claim that they regularly work more than 40 hours per week. (*Id.* ¶ 29). Specifically, Plaintiffs contend that their regular job duties frequently require them to work past the end of their scheduled shifts on a weekly basis. (*Id*. ¶ 33). Plaintiffs further claim that, in addition to their regular job duties, they are required to perform "on call" duties after regular working hours for extended periods, and that these "on call" work hours regularly cause Plaintiffs to work more than 40 hours in a workweek. (*Id.* ¶¶ 34, 39).

10.    Plaintiff Franklin contends that, during the three-year period preceding the commencement of this action, he worked 247.5 hours of overtime for which he was not properly compensated under the FLSA.

11.    Plaintiff Harmon contends that, during the three-year period preceding the commencement of this action, he worked 580 hours of overtime for which he was not properly compensated under the FLSA.

12.    Defendant denies that it misclassified Plaintiffs as exempt from the overtime provisions of the FLSA, that Plaintiffs were improperly compensated, that

Plaintiffs regularly worked over 40 hours per week, and that Plaintiffs were owed overtime compensation.

13.     The Parties acknowledge that there are genuine disputes about whether Plaintiffs are entitled to any relief under the FLSA or in what amount. The Parties further agree that resolution of those issues would require additional costly discovery along with the normal risks of litigation and trial. Given the disputes that exist, and the cost and burdens of litigation, and upon the advice of experienced counsel, Plaintiffs have agreed to compromise their claims for the total amount of eighty-five thousand dollars and no cents ($85,000.00). The Parties agree that this compromise is a reasonable settlement in light of the risks to all Parties and the cost and time of continued litigation.

14.     The Parties fully executed their Settlement Agreement (the "Agreement") on December 15, 2022. Pursuant to the terms of the Agreement, Defendant will pay Plaintiff Franklin a total of $9,175.46 and Plaintiff Harmon a total of $21,172.32, for a sum total of $30,347.78[1] in consideration of their claims for unpaid overtime and liquidated damages under the FLSA, in exchange for a release and the dismissal of the action with prejudice. A copy of the Agreement is

---

[1] Plaintiff Franklin will receive $4,587.73 in alleged unpaid overtime pay and $4,587.73 in liquidated damages. Plaintiff Harmon will receive $10,586.16 in alleged unpaid overtime pay and $10,586.16 in liquidated damages.

filed herewith as **Exhibit A**.

15.     In addition to the payment outlined in Paragraph 14 above, Defendant will pay to Plaintiffs' counsel $54,652.22 for attorneys' fees, costs, and expenses of litigation. Undersigned counsel avers that the attorneys' fee portion of the settlement was negotiated apart from, and subsequent to, agreement on the amount of settlement funds to be paid to the Plaintiffs. Plaintiffs' counsel recorded their time in connection in six-minute increments in connection with this matter, and Plaintiffs' counsel represents to the court that the foregoing fee payment is a more than 10% reduction of the lodestar fees recorded by counsel for this matter.  The Parties jointly submit that the settlement reached herein is fair and reasonable.

16.     In accordance with the Eleventh Circuit precedent *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F. 2d 1350, 1353 (11th Cir. 1982), and the Local Rules of this Court, the Parties jointly request that the Court approve their Agreement.

17.     In support of this Motion, the Parties stipulate that: (a) the settlement of this matter is fair and reasonable; (b) the attorneys' fees to be paid by Defendant to resolve Plaintiffs' claims under the FLSA are fair and reasonable and were negotiated separately from the amount for Plaintiffs' underlying claims; and (c) there

was no undue influence, overreaching, collusion, or intimidation in reaching the settlement.

### III.   MEMORANDUM OF LAW

Judicial review and approval of this tentative settlement provides final and binding effect to the Parties agreement to settle Plaintiffs' claims under the FLSA. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F. 2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn's Food Stores,* there are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees.   First, under Section 216(c) of the FLSA, the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. *Id.* at 1353. The only other means  for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under FLSA Section 216(b) to recover unpaid overtime. *Id.* When employees bring a private action for unpaid overtime under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. *Id*. at 1352-53.

Before approving a FLSA settlement, the court must ensure that it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55.  If the settlement reflects a reasonable compromise over issues that are actually in dispute, the court

has the power to approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354.

In determining whether the Parties' Agreement is fair and reasonable, the Court should consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible discovery; and (6) the opinions of counsel. *See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F. 3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3 (M.D. Fla. Jan. 8, 2007). There is a strong presumption in favor of finding a settlement fair. *Hamilton,* 2007 U.S. Dist. LEXIS at *2-3; *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).

Here, there is a bona fide dispute between the Parties. The dispute concerns whether Plaintiffs' job duties as Network Engineers Intermediate satisfied one or more FLSA exemptions. Defendant contends that Plaintiffs are exempt under the "Computer Employee" exemption and the "Learned Professional" exemption and Plaintiffs allege that they do not qualify for any exemption under the FLSA. Accordingly, Plaintiffs' Complaint and Defendant's Affirmative Defenses raise

7

issues of fact under the FLSA that are subject to dispute in this action. As such, a "bona fide dispute" between the parties exists. *See Lynn's Food Stores*, 679 F.2d at 1354-55.

The Parties jointly submit that there has been sufficient investigation and exchange of discovery to allow counsel for Plaintiffs and Defendant to evaluate the Parties' claims and defenses and make recommendations to each party in agreeing upon the resolution of Plaintiffs' claims as set forth in the Agreement.

After receiving and reviewing written discovery concerning Plaintiffs' employment, working hours, and pay; and engaging in settlement negotiations; the Parties agreed to a compromise that results in Plaintiffs receiving an acceptable amount that includes liquidated damages, reasonable attorneys' fees, costs, and expenses of litigation and Defendant avoiding the risks, uncertainties and additional costs of pursuing dispositive motions and trial.

Additionally, Plaintiffs are represented by competent counsel and have voluntarily chosen to accept this compromise. Plaintiffs have been advised that if they proceed in this matter, they may prove all of the damages, or a jury may choose to credit the Defendant's position, and that they may receive a lesser amount, or no recovery at all.  In light of this uncertainty, Plaintiff Franklin agrees that the $4,587.73 he is receiving for damages of his unpaid overtime pay claims, plus an

equal amount of $4,587.73 in liquidated damages in this settlement constitutes a reasonable and informed compromise of his claims. Likewise, Plaintiff Harmon agrees that the $10,586.16 he is receiving for damages on his unpaid overtime pay claims, plus an equal amount of $10,586.16 in liquidated damages in this settlement constitutes a reasonable and informed compromise of his claims.

Accordingly, in light of Defendant's agreement to pay Plaintiffs the total sum of $30,347.78, separate and apart from their attorneys' fees, in consideration for their unpaid overtime and liquidated damages claims, the Parties stipulate that their Agreement is fair and reasonable.

Further, the attorneys' fees and costs provided under the Agreement were negotiated separately and independently from the amounts sought by Plaintiffs for their underlying claims. Accordingly, the amounts provided for attorneys' fees and costs under the Agreement did not prejudice Plaintiffs' recovery. *See* 29 U.S.C. §216(b); *Kreager v. Solomon & Flanagan, P.A.*, 775 F. 2d 1541, 1542 (11th Cir. 1985).

As Judge Presnell explained in *Bonetti v. Embarq Management Co.,* 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009), where a plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to plaintiff, then, unless the settlement does not appear reasonable on its face or there

is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to her attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

The compromise agreed upon by the Parties resolves all of Plaintiffs' claims for attorneys' fees and Plaintiffs have no responsibility to their counsel for any out-of-pocket sums. Importantly, throughout the entirety of the litigation in this case, Plaintiffs were represented by competent counsel experienced in FLSA litigation and Defendant also has been represented by experienced counsel. The Parties further advise the Court that their Agreement submitted herewith includes every term and condition of the Parties' settlement.

**WHEREFORE**, Plaintiffs and Defendant respectfully move for entry of an Order, ordering the following:

(1)     Approving the Parties' Settlement Agreement as fair and reasonable;

(2)     Dismissing this action with prejudice; and

(3)     Any other relief that this Court deems just and appropriate. The Parties have submitted a proposed order granting the requested relief as **Exhibit B.**

Respectfully submitted this 15th day of December, 2022.

*I hereby certify this document was prepared using Times New Roman 14point type in accordance with Local Rule 5.1 B.*

| */s/ M. Travis Foust* | */s/ Dominique Martinez* |
|---|---|

M. Travis Foust
Georgia Bar No. 104996
tfoust@pcwlawfirm.com
Dustin L. Crawford
Georgia Bar No. 758916
dcrawford@pcwlawfirm.com

PARKS, CHESIN & WALBERT, P.C.
75 14th Street, 26th Floor
Atlanta, GA  30309
Telephone: 404.873.8000
Facsimile: 404.873.8050
*Attorneys for Plaintiffs*

Dominique Martinez
Deputy County Counsel
Georgia Bar No. 430323
dominique.martinez@fultoncountyga.gov
Francesca E. Black
Supervising County Counsel
Georgia Bar No. 772988
francesca.black@fultoncountyga.gov
Laura L. Moore
Sr. Assistant County Counsel
Georgia Bar No. 870394
laura.moore@fultoncountyga.gov
Kiera Potter
Sr. Assistant County Counsel
Georgia Bar No. 923760
kiera.potter@fultoncountyga.gov

OFFICE OF THE COUNTY ATTORNEY
141 Pryor Street, SW, Suite 4038
Atlanta, GA  30303
Telephone: 404.612.0246
Facsimile: 404.873.8050
*Attorneys for Defendant*

11